MEMORANDUM ***
*569 Robin Thorward filed an abandonment of appeal of his state convictions pursuant to California Rule of Court 38, resulting in a dismissal of the appeal and issuance of remittitur. Thorward filed a habeas corpus petition in state court, and after failing there, another one in federal court, challenging the effective assistance of his appellate counsel in the decision to abandon his appeal. After an evidentiary hearing, the district court found that Thorward asked his counsel to abandon his appeal, and did not countermand that order until after she had filed the abandonment form. The court therefore held that Thorward’s Sixth Amendment rights were not violated. We affirm.
The two issues that Thorward raises on appeal, inadequate consultation by appellate counsel and failure to recall the remit-titur, were not exhausted in state court as AEDPA requires. See Gray v. Netherlands 518 U.S. 152, 161-62, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996) (28 U.S.C. § 2254(b) requires that petitioners present to the state court both the facts necessary to state a claim for relief and the federal legal theory on which that claim is based). He also has not shown that either of these claims would be procedurally barred by California law. See id. (requisite exhaustion is satisfied regardless of petitioner’s failure to present the claim to state court if the claim is procedurally barred under state law). Accordingly, we do not review these claims.
The only issue that is appealable here-the district court’s determination that appellate counsel followed Thorward’s instruction to abandon his appeal-is not challenged by Thorward.
Accordingly, we AFFIRM the denial of the petition for a writ of habeas corpus.

 This disposition is not appropriate for publication and is not precedent except as provid *569 ed by Ninth Circuit Rule 36-3.